Filed 1/3/14  P. v. Buchmiller CA3

NOT TO BE PUBLISHED

# COPY

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BRUCE DOYLE BUCHMILLER,<br><br>        Defendant and Appellant. | C073473<br><br>(Super. Ct. No. CRF13772) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

A complaint was filed alleging that defendant Bruce Doyle Buchmiller possessed methamphetamine for sale (count 1; Health & Saf. Code, § 11378), possessed methamphetamine (count 2; Health & Saf. Code, § 11377, subd. (a)), and possessed controlled substance paraphernalia (count 3; Health & Saf. Code, § 11364, subd. (a)).  It

1

was also alleged that defendant had served three prior prison terms. (Pen. Code, § 667.5, subd. (b); undesignated section references are to the Penal Code.)

Defendant subsequently entered a plea of no contest to count 1 in return for the dismissal of the remaining counts and allegations and a stipulated three-year term to be served in county jail. (§ 1170, subd. (h).) According to the parties' statements at the sentencing hearing on February 25, 2013, in West Sacramento, defendant was found in possession of 1.7 grams of methamphetamine, a digital scale, a pay-owe sheet, and packaging materials.

The trial court thereafter sentenced defendant to the stipulated three-year county jail term (the upper term on count 1). The court awarded defendant 45 days of presentence custody credit (23 days of actual credit and 22 days of conduct credit). The court imposed a $280 restitution fine (§ 1202.4, subd. (b)), a $40 court security fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court also imposed a $280 suspended parole revocation restitution fine (§1202.45), but later struck it after appellate counsel pointed out that this fine is unauthorized where a sentence is to be served in county jail (§ 1170, subd. (h)).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

      HULL      , J.

We concur:

      RAYE      , P. J.

      BLEASE      , J.

3